IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FALLS LAKE NATIONAL INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>      -against-<br><br>BEST INTERIOR SOLUTIONS INC., ARTHUR J. BURKE, 301 EAST 81ST PH 20 INC., PROFESSIONAL INTERIOR CONTRACTING, INC., SHWETA RAWAT, MONEESHA SANI, BRODERICK STONE, PURE INSURANCE COMPANY, GREATER NY INSURANCE COMPANY, STUDIO SOFIELD, INC., ICON REALTY MANAGEMENT LLC, 301 EAST 80TH REALTY LLC and 1562/1564 SECOND REALTY LLC,<br><br>         Defendants. | No. 1:22-cv-09354<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANTS 301 EAST 81ST PH 20 INC. AND SHWETA RAWAT** |

Defendants 301 East 81st PH 20 Inc. ("PH 20 Owner") and Shweta Rawat ("Rawat") (collectively, "Answering Defendants") by their attorneys, Foley & Lardner LLP, for their Answer to Plaintiff's Complaint ("Complaint"), allege as follows:

## THE PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint except admit that PH 20 Owner is a corporation with an address located at 301 E. 81st Street, Penthouse # 20, New York, NY 10028 ("PH 20").

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

## **JURISDICTION AND VENUE**

15.     The allegations contained in paragraph 15 of the Complaint state legal conclusions to which no responses are required.  Answering further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint state legal conclusions to which no responses are required.  Answering further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 of the Complaint state legal conclusions to which no responses are required.  Answering further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint state legal conclusions to which no responses are required.  Answering further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     The allegations contained in paragraph 19 of the Complaint state legal conclusions to which no responses are required.  Answering further, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

## THE UNDERLYING ACTIONS

20. Answering Defendants refer the Court to the allegations contained in the underlying Complaint.

21. Answering Defendants refer the Court to the allegations contained in the underlying Complaint but admit that PH 20 Owner is a party to the Burke Action.

## REQUEST FOR DECLARATORY JUDGMENT UPHOLDING DISCLAIMER

22. Answering Defendants repeat and re-allege each and every answer set forth in paragraphs "1" through "21" of their Answer with the same force and effect as if more fully set forth herein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint state legal conclusions to which no responses are required. Answering further, Answering Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint state legal conclusions to which no responses are required. Answering further, Answering Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint state legal conclusions to which no responses are required. Answering further, Answering Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The Complaint in this action speaks for itself.

37. The allegations contained in paragraph 37 of the Complaint state legal conclusions to which no responses are required. Answering further, Answering Defendants deny the allegations contained in paragraph 37 of the Complaint.

## **AFFIRMATIVE DEFENSES**

38. Answering Defendants further assert the following affirmative defenses. Answering Defendants do not undertake the burden of proof or persuasion as to any such affirmative defense to the extent the law does not impose any such burden on them. Nor do

Answering Defendants admit that Plaintiff is relieved of its burden to prove each and every element of its claims including damages, if any, to which it claims to be entitled.  As for defenses, Answering Defendants reassert and reincorporate as if fully set forth herein their responses, above, to the Complaint, and their counterclaims, below.  Answering Defendants reserve the right to assert any defenses not specifically identified herein.

## FIRST AFFIRMATIVE DEFENSE

39.     The Complaint fails to state a cause of action, fails to set forth facts sufficient to state a claim upon which relief may be granted against Answering Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

40.     The Complaint and causes of action are barred by the doctrines of laches and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

41.     The Complaint and causes of action are barred by the doctrines of estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

42.     The Complaint and causes of action are barred, in whole or in part, by the terms, conditions, limitations, and other provisions contained in or incorporated by reference in the Falls Lake policy.

## FIFTH AFFIRMATIVE DEFENSE

43.     Plaintiff failed to mitigate and continues to fail to mitigate its damages

**SIXTH AFFIRMATIVE DEFENSE**

44. If there is any period of limitation in the policy of insurance which would bar Plaintiff's claims, said period of limitation is pled.

**COUNTERCLAIMS**

For their Counterclaims against Plaintiff, Answering Defendants allege as follows:

**FACTS**

45. Effective November 1, 2021, PH 20 Owner and Professional Interior Contracting, Inc. ("PIC") entered into a contract for certain renovation work to be performed on PH 20 (the "Work").

46. Upon information and belief, PIC retained Best Interior Solutions, Inc. ("Best") to perform certain of the Work pursuant to a Subcontractor Agreement effective December 15, 2021.

47. Upon information and belief, Falls Lake National Insurance Company ("Falls Lake") issued a primary commercial general liability insurance policy (the "Policy") to Best.

48. Upon information and belief, the Policy provides coverage to Best for the Work it performed and the damage it caused to PH 20 and common areas and adjacent apartments in 301 E. 81st Street, New York, NY 10028 (the "Building").

49. On or about June 10, 2022, Arthur J. Burke ("Burke") filed a complaint against Best, PIC, and PH 20 Owner in the Supreme Court of the State of New York, County of New York, Index No. 154914/2022 (the "Burke Action"), seeking to recover for property damage to Burke's condominium unit, Penthouse 18, in the Building as a result of the Work.

50. Upon information and belief, Best timely tendered a claim to Falls Lake for the damages alleged in the Burke Action and Falls Lake denied coverage for the claim.

## AS AND FOR A FIRST COUNTERCLAIM FOR A REQUEST FOR DECLARATORY JUDGMENT

51. The Work being performed by Best was not "new residential construction" as the units where the Work was performed had been previously occupied or put to their intended use, and for other reasons. Therefore, the "New Residential Construction Limitation" in the Policy is inapplicable.

52. The claims against Best are not claims for which the insured would be obligated to pay damages by reason of the assumption of liability in a contract or agreement and would exist even in the absence of a contract or agreement. Therefore, the "Contractual Liability Exclusion" in the Policy is inapplicable.

53. The damage caused to Answering Defendants' property as well as common areas and adjacent apartments in the Building was caused by Best and/or arose out of the "products/completed operations hazard."

WHEREFORE, Counterclaim-Plaintiffs seek judgment against Counterclaim-Defendant as set forth more fully below.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants demand judgment against Plaintiff as follows:

a. A declaration that Falls Lake Insurance Company owes indemnity to Best Interior Solutions, Inc., and other parties, for any damage caused to Answering Defendants' property, common areas in the Building, and other apartments in the Building;

b. A declaration that Falls Lake Insurance Company's disclaimer is wrongful and unenforceable; and

c. Such other and further relief as this Court deems just, equitable, and proper.

Dated: New York, New York
January 9, 2023

                                                    */s/ Douglas S. Heffer*
Douglas S. Heffer, Esq.
Samuel J. Fishman, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10013
Telephone: (212) 338-3418
Email: dheffer@foley.com
Email: sfishman@foley.com

*Attorneys for Defendants 301 EAST 81ST PH 20 INC. and SHWETA RAWAT*