UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FALLS LAKE NATIONAL INSURANCE
COMPANY,

                          Plaintiff,

               -against-

BEST INTERIOR SOLUTIONS INC., et al.,

                        Defendants.
------------------------------------------------------------------X

22-CV-9354 (VEC) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Following the conference on **May 19, 2025**, the parties submitted letter briefs on the question of whether Falls Lake National Insurance Company ("Falls Lake") could select its counsel to represent Defendants Best Interior Solutions Inc. ("Best") and Professional Interior Contracting, Inc. ("PIC") in the underlying action. The parties submitted letter briefs on **June 12, 2025** (ECF Nos. 152, 156) and **June 13, 2025** (ECF No. 155). As explained during the conference on **October 8, 2025**, Defendants Best and PIC can select counsel of their choosing in the underlying action and Falls Lake is responsible for their reasonable attorney's fees. Judge Caproni already concluded in her summary judgment decision that Falls Lake breached its duty to defend in the underlying action. Additionally, there is a potential conflict of interest between PIC and Falls Lake in the underlying action. Liability has not been established and there is a dispute of fact as to whether PIC negligently supervised Best, which is the ground on which Falls Lake has reserved its right to deny coverage. Falls Lake is therefore incentivized to steer the defense in a way that minimizes its exposure on covered claims, while allowing liability to rest on excluded theories, like negligent supervision. Further, appointing the same counsel for Best and PIC would prevent PIC from prosecuting its cross claims in the underlying action against

Best. Under these circumstances, Defendants are entitled to a defense by an attorney of their own choosing, whose reasonable fee is paid by Falls Lake. See <u>Public Service Mutual Co. v. Goldfarb</u>, 53 N.Y.2d 392, 401 (1981); <u>Berkeley Assurance Co. v. Fisher</u>, 771 F. Supp. 3d 292, 307 (S.D.N.Y. 2025); <u>Liberty Mut. Fire Ins. Co. v. Hamilton Ins. Co.</u>, 356 F. Supp. 3d 326, 336-37 (S.D.N.Y. 2018); <u>Wiley v. New York Central Mut. Fire Ins. Co.</u>, 210 A.D.2d 829 (3d Dep't 1994). As explained during the conference, the issue of the amount of attorney's fees has been briefed by the parties and is pending before the Court.

**SO ORDERED.**

DATED:   New York, New York
         October 8, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge